1
2
3
4
5
6
7
8             **UNITED STATES DISTRICT COURT**
9             **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   UNITED STATES OF AMERICA],                    CASE NO. 10cr1260 JM
                                                  CIVIL NO. 11cv2130
12                             Plaintiff,
                                                  ORDER DENYING MOTION
13        vs.                                     BROUGHT PURSUANT TO 28
                                                  U.S.C. §2255
14   JOSEPH SILVA POMPA,
15                             Defendant.

16        Pursuant to a plea agreement, on August 12, 2010 Defendant Joseph Silva Pompa

17   ("Defendant") pleaded guilty to one count of knowingly and intentionally importing 30.66 kilograms

18   of cocaine in violation of 21 U.S.C. §§952 and 960.  On December 18, 2010 the court, pursuant to the

19   plea agreement, sentenced Defendant to 63 months' custody, followed by three years of supervised

20   release.   Defendant now moves to set aside, modify, or vacate pursuant to 28 U.S.C. §2255

21   ("Motion").  Although not perfectly clear, Defendant contends that his counsel provided ineffective

22   assistance of counsel because an alleged modification to USSG §4A1.1 would have reduced his

23   Criminal History Category from III to II.  For the reasons set forth below, the court summarily denies

24   the Motion.

25                                  **DISCUSSION**

26   **28 U.S.C. §2255 Review**

27        Under Rule 4(B) of the Rules Governing Section 2255 Proceedings, "[i]f it plainly appears

28   from the motion, any attached exhibits, and the record of prior proceedings that the moving party is

                                        - 1 -                    10cr1260/11cv2130

1   not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving

2   party." In such an instance, the district court is not required to hold a hearing or to require a response

3   from the government. See 28 U.S.C. § 2255. Here, for the below stated reasons, the court finds the

4   motion without merit and therefore summarily denies the Motion.

5   **Waiver of the Right to Collaterally Attack Sentence**

6   Defendant waived his right to collaterally attack his sentence. In the plea agreement defendant

7   specifically waived his right to appeal or to collaterally attack his conviction and sentence unless the

8   court imposed a custodial sentence greater than the high end of the guidelines range recommended

9   by the government. This waiver provision is enforceable to bar Defendant from seeking collateral

10  relief because Defendant was sentenced within the guideline range. See United States v. Abarca, 985

11  F.2d 1012, 1014 (9th Cir.), cert. denied, 508 U.S. 979 (1993). The plea agreement's language clearly

12  embraces a waiver of any collateral attack on Defendant's sentence, including a § 2255 motion. See

13  United States v. Schuman, 127 F.3d 815, 817 (9th Cir. 1997) (per curiam) (finding that defendant

14  waived his right to appeal an incorrect application of Sentencing Guidelines even though the plea

15  agreement did not specifically mention this right; to find otherwise "would render the waiver

16  meaningless"). Furthermore, Defendant does not challenge the voluntariness of his waiver or

17  otherwise inform the court of any other reason to invalidate his waiver. The record reflects that

18  Defendant's waiver was knowing and voluntary. Accordingly, the court concludes that Defendant

19  validly waived his right to collaterally attack his sentence and dismisses the Motion.

20  **The Ineffective Assistance of Counsel Claim**

21  Even if Defendant had not validly waived his right to collaterally attack the sentence, the

22  ineffective assistance of counsel claim is without merit. To prevail on an ineffective assistance of

23  counsel claim, a petitioner must demonstrate that (1) counsel's performance was deficient; and (2)

24  counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687

25  (1984). A petitioner must demonstrate that counsel's representation fell below an "objective standard

26  of reasonableness" and that, but for counsel's errors, there is a reasonable probability that the result

27  of the proceeding would have been different. Id. at 694. Where the challenged performance involves

28  a tactical decision on the part of counsel, there is a "strong presumption that counsel's conduct falls

within the wide range of acceptable professional assistance." Id. at 689.  Failure to raise a meritless argument falls under the realm of tactical decisions and does not constitute ineffective assistance. Boag v. Raines, 769 F.2d 1341, 1344 (9th Cir. 1985).

Here, Defendant's argument that his Criminal History Category was improperly calculated fails on the merits because the court applied USSG §4A1.1(d) as it existed at the time of sentencing. The court notes that the so-called Recency Provision, USSG §4.1.1(e)(2008) - - the essence of Defendant's argument - - was not applied to Defendant's sentence.[1]   (PSR; RT 5:25-6:4). Accordingly, Defendant's argument is without merit and the court denies the Motion.

In sum, the court denies the Motion with prejudice and instructs the Clerk of Court to close the file.

**IT IS SO ORDERED.**

DATED:  September 26, 2011

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:          All parties

---

[1] The so-called Recency Provision was repealed effective November 1, 2010.

- 3 -